1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY GENE SMITH,

               Petitioner,

   v.

ROSANNE CAMPBELL, Acting Warden,
Mule Creek State Prison,

               Respondent.
_____/

No. C 06-02972 MHP

**ORDER TO SHOW CAUSE**

      In 2002, petitioner Larry Gene Smith ("Smith") was convicted and sentenced in Alameda County, California for second degree murder with an associated firearms enhancement. He is now incarcerated at Mule Creek State Prison in Ione, California. Smith initially filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254 in May 2006, and was granted a stay and abeyance of the proceedings until he exhausted his state court remedies. After the California Supreme Court denied Smith habeas relief, this court reopened his federal petition for further consideration. Venue is proper in this district because petitioner was sentenced and convicted here in the Northern District of California. <u>See</u> 28 U.S.C. § 2241(d); Habeas Local Rule 2254–3(a)(1).

LEGAL STANDARD

      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be

**United States District Court**
For the Northern District of California

1
2  granted, unless it appears from the application that the applicant or person detained is not entitled
3  thereto." 28 U.S.C. § 2243.  "If it plainly appears from the petition and any attached exhibits that
4  the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Rule
5  4, Rules Governing Section 2254 Cases. Summary dismissal is appropriate only where the
6  allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.
7  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990), cert. denied sub nom. Hendricks v.
8  Calderon, 517 U.S. 1111 (1996).
9
10  DISCUSSION
11        Petitioner Smith was convicted and sentenced for the murder of his longtime acquaintance
12  Russell Tom, who he fatally shot on March 29, 1999 outside a bar in Oakland, California.  Earlier
13  that evening following a conversation inside the bar, Tom assaulted petitioner.  Petitioner then drove
14  home, changed his bloodied clothing, and returned to the bar.  Petitioner and Tom were later
15  observed in conversation at Tom's car parked across the street.  No one witnessed the subsequent
16  shooting, which occurred near the car and resulted in two bullets to Tom's upper chest, one in his
17  arm, and one in his lower back.
18        Petitioner testified that Tom got out of his car and charged at him.  When Tom reached for an
19  object that looked like a gun, petitioner fired his own gun several times in self-defense.  The
20  prosecution argued that petitioner was waiting for Tom at Tom's car and that the successive
21  shooting of four bullets, including one to Tom's back, demonstrated premeditated, deliberate
22  murder.  A jury found petitioner guilty of second degree murder with an enhancement for personal
23  discharge of a firearm causing great bodily injury or death.  A Court of Appeal affirmed the
24  conviction and the California Supreme Court denied review.
25        Petitioner's claims fall generally into three categories of error he believes violated his
26  constitutional rights.  He claims that: (1) he received ineffective assistance of counsel; (2) he was
27  unduly prejudiced by prosecutorial misconduct throughout the trial; and (3) the trial court
28  erroneously excluded admissible evidence.  Each of these claims is discussed in turn.

2

I.      Sixth Amendment Ineffective Assistance of Counsel Claims

          The Sixth Amendment right to counsel guarantees not only assistance, but effective

assistance, of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  The benchmark for

judging any claim of ineffectiveness is "whether counsel's conduct so undermined the proper

functioning of the adversarial process that the trial cannot be relied on as having produced a just

result."  Id. at 686.  To prevail on an ineffective counsel claim, petitioner must demonstrate that (1)

counsel's performance was deficient, and (2) counsel's errors prejudiced the defense to the extent

that the petitioner was deprived of a fair trial.  Id. at 687.  The standard for evaluating counsel's

performance is that of "reasonably effective assistance [according to the] prevailing professional

norms."  Id. at 688.

          Smith first argues that trial counsel's failure to investigate and present expert testimony on

wound ballistics falls below the standard of care of reasonably effective assistance.  In particular,

petitioner argues that such expert evidence, which was available at the time of trial, would have

undercut the prosecution's argument that the position of the bullet in Tom's back negates

petitioner's self-defense claim.

          Smith also alleges that his defense was prejudiced by trial counsel's failure to request

California Jury Instruction ("CALJIC") 5.50.1, which states that a person is justified to act more

quickly and harshly when he has been the subject of prior threats or assaults by the alleged victim.

Although jurors heard evidence of Tom's earlier attack on petitioner, they received no guidance as to

any legal implications of the assault.  Trial counsel has since acknowledged that he did not request

CALJIC 5.50.1 due to oversight.

          On these facts, the court concludes that petitioner's ineffective assistance of counsel claims

cannot be summarily dismissed because the allegations in his petition are not vague, conclusory,

palpably incredible, patently frivolous or false.  The court ORDERS respondent to SHOW CAUSE

why the writ should not be granted based on violation of petitioner's right to effective counsel.

**United States District Court**
For the Northern District of California

II.      Fourteenth Amendment Due Process Claims

Petitioner next argues that his Fourteenth Amendment due process right to receive a fair trial was violated by prosecutorial misconduct, the prosecutor's use of his post-Miranda silence to impeach his credibility, and the erroneous exclusion of evidence by the trial court.

Prosecutorial misconduct rises to the level of constitutional deprivation only when it "so [infects] the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1984)).  Petitioner asserts several claims of prosecutorial misconduct based on cross-examination questions he maintains were improperly designed to: (1) lead the jury to believe that petitioner deliberately failed to provide exculpatory evidence; (2) force petitioner to provide "expert" testimony against himself regarding his blood-alcohol level; (3) insinuate that petitioner was of bad character to prejudice the jury against him; (4) inject prejudicial racial issues to inflame jurors; (5) force petitioner to comment on the credibility of prosecution witnesses; and (6) belittle and badger petitioner.  Moreover, petitioner claims that it was improper for the prosecution to be permitted to use the term "murder" to describe Tom's shooting death, to attack the integrity of defense counsel in closing argument, to appeal to the jury's sympathy for the victim, and to misstate the law and facts.

Using a defendant's post-Miranda silence to impeach his credibility is a constitutional violation.  Doyle v. Ohio, 426 U.S. 610, 619 (1976).  Habeas relief must be granted based on such prosecutorial error when it had "substantial and injurious effect or influence in determining the jury's verdict."  Brecht v. Abrahamsom, 507 U.S. 619, 623 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).  Petitioner alleges that the prosecutor improperly used his post-Miranda silence to impeach his credibility.  When initially questioned by officers, petitioner stated that Tom had "hit [him] in the mouth."  Then, invoking his Miranda rights, he declined to answer further questions.  At trial, the prosecutor alluded to petitioner's post-invocation silence, specifically his decision not to elaborate on the severity of Tom's prior assault, to undermine petitioner's self-defense claim.

United States District Court

For the Northern District of California

A defendant's due process rights include the right to present material evidence in his defense. Rules excluding evidence from criminal trials do not "abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" United States v. Sheffer, 523 U.S. 303, 308 (1998) (quoting Rock v. Arkansas, 483 U.S. 44, 56 (1987)).  Petitioner contends that his due process rights to present a defense and to a fair trial were denied when the trial court excluded evidence surrounding the victim's financial difficulties. Petitioner argues that records showing that Tom owed a substantial amount of money to the Franchise Tax Board would establish motive for Tom's alleged erratic behavior, which petitioner claims ultimately necessitated his shooting in self-defense.  The trial court excluded this evidence, concluding that it had little probative value, because Tom's wages were never garnished before his death.  However, petitioner argues that evidence of this debt, regardless of whether Tom's wages were actually garnished, was integral to his defense theory.

The court finds that petitioner's due process claims based on exclusion of evidence are dubious and insubstantial. Many of the evidentiary objections were overruled by the trial judge. Other evidence which was not admitted bore little or no relation to a plausible defense.  However, claims regarding the prosecutor's comments and other alleged prosecutorial errors are more compelling and, therefore, the court ORDERS respondent to SHOW CAUSE why the writ should not be granted based on these alleged violations.

CONCLUSION

(1)  Pursuant to 28 U.S.C. section 2243 this court finds that petitioner's claims require an answer from the respondent.  The court ORDERS respondent to SHOW CAUSE in accordance with the above why the writ should not be granted.

(2)  The clerk of this court shall, by certified mail: (a) serve a copy of this Order and a copy of petitioner's petition upon the Attorney General of the State of California; and (b) serve a copy of this Order upon petitioner and petitioner's attorneys.

(3)  Pursuant to Habeas Local Rule 2254-6(b), respondent shall file an answer with this court within **sixty (60) days** of the date of this order.  This answer shall show cause why a writ of

habeas corpus should not issue and shall conform in all respects to Rule 5 of the Rules Governing

Section 2254 Cases and Habeas Local Rule 2254-6(b).

(4)   Pursuant to Habeas Local Rule 2254-6(c), petitioner shall serve and file a traverse within **thirty (30) days** after respondent has filed the answer.

(5)   This matter shall be deemed submitted as of the date petitioner's traverse is due.  No hearing will be held unless the court so orders at a later date.

IT IS SO ORDERED.

Dated: August 29, 2008

_____

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**United States District Court**
For the Northern District of California

6