UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GENE SMITH,<br><br>   Petitioner,<br><br>  v.<br><br>ROSEANNE CAMPBELL,<br>acting warden,<br><br>   Respondent.      / | No. C 06-2972 MHP (pr)<br><br>**ORDER DENYING APPOINTMENT OF COUNSEL AND EXTENDING DEADLINE FOR TRAVERSE** |

  Petitioner has filed a second motion for appointment of counsel to represent him in this action in which he seeks a writ of habeas corpus under 28 U.S.C. § 2254. The court denied his first motion in its May 26, 2006 order.

  The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). However, a district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id.

  Upon due consideration of the motion and record, the court concludes that the interests of justice do not require the appointment of counsel in this action. Petitioner is challenging a conviction for second degree murder for which he received an indeterminate

life sentence, but the seriousness of the crime and sentence are not nearly as important as the claims raised in the petition in deciding whether counsel should be appointed. The claims asserted in the petition here are not novel or unusually difficult: petitioner asserts claims for ineffective assistance of trial counsel, prosecutorial misconduct, Doyle error (i.e., comment on petitioner's silence), improper exclusion of evidence, and cumulative error. The attorney seeking appointment here represented petitioner in his state court appeal and in his state court habeas action, and reports that she spent considerable time preparing the briefs for state court. See Kenwood Declarations filed June 28, 2006 and November 17, 2008. Section 3006A funding is not available to compensate an attorney for work in state court. Due to the requirement that state court remedies be exhausted before a claim may be considered in a federal habeas action, the claims are usually adequately briefed by counsel in state court (as occurred here), even if the emphasis in state court is more on state law than federal law. Further, the motion does not reveal anything particularly unusual about petitioner that calls for appointment of counsel: like the vast majority of habeas petitioners, petitioner is an incarcerated individual without legal training and with limited access to a law library. For the foregoing reasons, petitioner's second motion for appointment of counsel is DENIED. (Docket # 19.)

    The deadline for petitioner to file his traverse is extended to **April 24, 2009**.

    IT IS SO ORDERED.

DATED: February 13, 2009

                                      Marilyn Hall Patel
                                      United States District Judge