UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GENE SMITH, | No. C 06-02972 MHP |
| Petitioner, | **MEMORANDUM & ORDER** |
| v. | **Re: Respondent's Procedural Default Defense** |
| ROSANNE CAMPBELL, Acting Warden | |
| Respondent, / | |

    Larry Gene Smith filed this habeas petition on the basis of prosecutorial misconduct during the cross-examination of petitioner and during the prosecutor's closing arguments. Respondent argues that federal courts are procedurally barred from considering the merits of these claims because petitioner failed to contemporaneously object to the prosecutor's questions and statements during trial. Pursuant to this court's September 10, 2010 order, the parties have briefed only respondent's procedural default defense. Having considered the arguments of the parties and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

    Petitioner Larry Gene Smith, charged with the first degree murder of Russell Tom, was convicted of second degree murder, personal firearm use and infliction of great bodily injury, and sentenced on August 16, 2002, to 40 years to life. Docket No. 18-2 (Notice of Lodging of, and Index to, Exhibits), Exh. A: 1 CT 1-2; 2 CT 515-16, 654.[1]

Petitioner timely appealed to the California Court of Appeal, First District, Division One, which affirmed his conviction in an unpublished opinion on November 12, 2004. Exh. C. His timely petition for review to the California Supreme Court was denied without discussion on February 2, 2005. Exh. G. On May 1, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied without discussion on April 18, 2007. Exh. I.

Three exhausted claims for relief are pending before this court: (1) ineffective assistance of counsel; (2) an omnibus claim of prosecutorial misconduct, consisting of 14 sub-parts; and (3) cumulative error. In claim two, petitioner alleges that repeated instances of prosecutorial misconduct during cross-examination of petitioner and closing argument deprived petitioner of his rights to due process, confrontation, a fair trial and impartial jury. Docket No. 1 (Petition) at 10-27. The state appellate court observed that petitioner waived many of his complaints of misconduct due to his failure to object to the prosecutor's questions and arguments at trial. Docket No. 18 (Answer) at 28; Exh. C at 4-23.

In her Answer, respondent moved to dismiss much of petitioner's second claim of prosecutorial misconduct. Respondent contends that these sub-claims were waived by lack of an appropriate objection at trial and thus federal review is barred by the state court's application of California's contemporaneous objection rule.[2] Answer at 28. This court agreed to allow petitioner to address the applicability of procedural default prior to filing his traverse. Docket No. 47.

LEGAL STANDARD

The procedural default doctrine bars federal courts from "review[ing] a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "Although a state procedural rule is sufficient to foreclose review of a federal question, an inquiry into the adequacy of such a rule to foreclose review is 'itself a federal question.'" *Melendez v. Pliler*, 288 F.3d 1120, 1124 (9th Cir. 2002) (quoting *Douglas v. Alabama*, 380 U.S. 415, 422 (1965)).

2

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001) (citing *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). A state law ground is interwoven with federal law if application of the state procedural rule requires the state court to resolve a question of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). If the state court does not make clear that it is resting its decision on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds. *Calderon v. United States Dist. Court*, 96 F.3d 1126, 1129 (9th Cir. 1996).

A state procedural bar is "adequate" only if it is clear, well-established, and consistently applied. *Id*. The adequacy of a state procedural rule is determined as of the time the petitioner committed the purported default. *Fields v. Calderon*, 125 F.3d 757, 760 (9th Cir. 1997). The "federal courts should not insist upon a petitioner, as a federal prerequisite to obtaining federal relief, complying with a rule the state itself does not consistently enforce." *Melendez*, 288 F.3d at 1124 (quoting *Siriprongs v. Calderon*, 35 F.3d 1308, 1318 (9th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995)); *see also Wells v. Maas*, 28 F.3d 1005, 1010 (9th Cir. 1994) (finding no procedural default because the Oregon Supreme Court did not consistently decline to consider issues not raised in the petition for review).

*Bennet v. Mueller*, 322 F.3d 573 (9th Cir. 2003), established a three-part burden shifting framework for determining whether a state procedural rule is adequate. The initial burden of proving the adequacy of a state procedural rule lies with the state. *Id*. at 585-86. "Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." *Id*. at 586. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id*. However, once the petitioner has met this burden, the ultimate burden of proving the adequacy of the procedural rule lies with the state. *Id*.

1    After a petitioner has defaulted his federal claims pursuant to an independent and adequate
2 state procedural rule, federal habeas review of the claims will be allowed only if he "can
3 demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal
4 law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of
5 justice." *Coleman*, 501 U.S. at 750.

7 DISCUSSION

8    At issue here is whether California's contemporaneous objection rule is applicable as an
9 affirmative defense to petitioner's claims of procedural default. *See Melendez v. Pliler*, 288 F.3d
10 1120, 1125 (9th Cir. 2002) (noting that California Evidence Code section 353 is "known as the
11 'contemporaneous objection rule'" and stating that "evidence is admissible unless there is an
12 objection, the grounds for the objection are clearly expressed, and the objection is made at the time
13 the evidence is introduced.");[3] *People v. Hill*, 17 Cal. 4th 800, 820 (1998) (noting the general rule
14 that a defendant cannot complain about prosecutorial misconduct on appeal unless there was a
15 timely objection and/or request for admonition at trial).

16 I.   Adequacy of California's Contemporaneous Objection Rule

17    Respondent first raised procedural default as an affirmative defense to petitioner's claims of
18 prosecutorial misconduct in its Answer to the Order to Show Cause. Answer at 28. Petitioner cites
19 numerous cases in support of his argument that California courts have not regularly and consistently
20 applied the contemporaneous objection rule to claims of prosecutorial misconduct.

21    Firstly, he points to cases where "states courts have noted a defendant's failure to object or
22 request an admonition, but ignored the potential default and addressed the claims on the merits."
23 Docket No. 48 (Petitioner's Opposition to Respondent's Procedural Default Defense ("Opp.")) at 17.
24 (citing *People v. Rich*, 45 Cal. 3d 1036 (1988); *People v. Bean*, 46 Cal. 3d 919 (1988); *People v.
25 Silva*, 45 Cal. 3d 604 (1988); *People v. Bonin*, 46 Cal. 3d 659 (1988); *People v. Galan*, 213 Cal.
26 App. 3d 864 (Cal. App. 6th Dist. 1989); *People v. Bonillas*, 48 Cal. 3d 757 (1989); *People v. Lewis*,

4

50 Cal. 3d 262 (1990); *People v. (Ralph International) Thomas*, 2 Cal. 4th 489 (1992); *People v. Kipp*, 26 Cal. 4th 1100 (2001)).

Secondly, petitioner cites to cases where "California courts have stated that the claim has not been preserved for failure to object or request an admonition, but have then gone on to address the merits." Opp. at 17 (citing *People v. Ratliff*, 41 Cal. 3d 675 (1986); *People v. Rodriguez*, 42 Cal. 3d 730 (1986); *People v. Malone*, 47 Cal. 3d 1 (1988); *People v. McDowell*, 46 Cal. 3d 551 (1988); *People v. Walker*, 47 Cal. 3d 605 (1988); *People v. Ainsworth*, 45 Cal. 3d 984 (1988); *People v. Dyer*, 45 Cal. 3d 26 (1988); *People v. Fierro*, 1 Cal. 4th 173 (1991); *People v. Ashmus*, 54 Cal. 3d 932 (1991); *People v. Smithey*, 20 Cal. 4th 936 (1999); *People v. Lucero*, 23 Cal. 4th 692 (2000); *People v. Morales*, 25 Cal. 4th 34 (2001); *People v. Cunningham*, 25 Cal. 4th 926 (2001); *People v. Seaton*, 26 Cal. 4th 598 (2001); *People v. Hughes*, 27 Cal. 4th 287 (2002)).

Thirdly, petitioner presents cases where "state courts address claims on their merits without any mention of whether the defendant properly objected or requested an admonition." Opp. at 17 (citing *People v. Ghent*, 43 Cal. 3d 739 (1989); *People v. Gates*, 43 Cal. 3d 1168 (1987); *People v. Dyer*, 45 Cal. 3d 26 (1988); *People v. Bean*, *supra*; *People v. Kaurish*, 52 Cal. 3d 648 (1990); *People v. (Ralph International) Thomas*, 2 Cal. 4th 489 (1992); *People v. Mendias*, 17 Cal. App. 4th 195 (Cal. App. 2d Dist. 1993); *People v. Robinson*, 31 Cal. App. 4th 494 (Cal. App. 2d Dist. 1995); *People v. Cunningham*, *supra*). Petitioner notes that "[i]n several of these cases, the record suggests that the claims were not properly preserved." Opp. at 18 (citing *People v. Thomas*, *supra*; *People v. Mendias*, *supra*; *People v. Cunningham*, *supra*).

Fourthly, petitioner cites to cases "which first address the claims on their merits, but then either note that the defendant failed to object or request an admonition or expressly state that in any event, the claim is not preserved." Opp. at 18 (citing *People v. Ghent*, *supra*; *People v. Gates*, *supra*; *People v. Hovey*, 44 Cal. 3d 543 (1998); *People v. Hendricks*, 44 Cal. 3d 365 (1988); *People v. Guzman*, 45 Cal. 3d 915 (1988); *People v. Dyer*, 45 Cal. 3d 26 (1988); *People v. Poggi*, 45 Cal. 3d 306 (1988); *People v. Kaurish*, *supra*; *People v. Cunningham*, *supra*).

Fifthly, petitioner cites to "ambiguous cases which appear to mix merits and procedural default review." Opp. at 18 (citing *People v. Thompson*, 45 Cal. 3d 86 (1988); *People v. Jackson*, 49 Cal. 3d 1170 (1989); *People v. Carrera*, 49 Cal. 3d 291 (1989); *People v. Coddington*, 23 Cal. 4th 529 (2000); *People v. Seaton*, *supra*). He also points to cases that "note the defendant's failure to object or request appropriate admonitions at trial but then address the claim on the merits after 'assuming' the claim is properly before the court." Opp. at 18 (citing *People v. Allen*, 42 Cal. 3d 1222 (1986); *People v. Lucero*, *supra*).

Sixthly, petitioner refers to cases that "expressly apply exceptions to the general rule of waiver to excuse defendant's failure to object or request an admonition." Opp. at 18 (citing *People v. Hill*, 17 Cal. 4th 800; *People v. Pitts*, 223 Cal. App. 3d 606 (Cal. App. 5th Dist. 1990)). He also notes "cases that do, indeed, apply the rule to bar review of a claim." Opp. at 18 (citing *People v. Redmond*, 29 Cal. 3d 904 (1981); *People v. Baines*, 30 Cal. 3d 143 (1981); *People v. Heldenberg*, 219 Cal. App. 3d 468 (Cal. App. 4th Dist. 1990); *People v. Fierro*, *supra*; *People v. Seaton*, *supra*).

Lastly, petitioner cites to cases that "are internally inconsistent, applying the bar to some claims which were not preserved, but not applying them to others." Opp. at 18 (citing *People v. Murtishaw*, 29 Cal. 3d 733 (1981); *People v. Holt (Steven)*, 37 Cal. 3d 436 (1984); *People v. Ratliff*, *supra*; *People v. Bonin*, *supra*; *People v. Bonillas*, *supra*; *People v. Carrera*, *supra*; *People v. Kaurish*, *supra*; *People v. Fierro*, *supra*; *People v. Lucero*, *supra*; *People v. Seaton*, *supra*).[4]

The court finds that the petitioner has met his burden of demonstrating the inadequacy and inconsistent application of the state procedural rule. Therefore, the burden shifts to the respondent to meet the ultimate burden of proving the adequacy of the procedural rule.

Respondent advances two main arguments: (1) that "[t]his [c]ourt is bound by Ninth Circuit law finding California's [c]ontemporaneous [o]bjection [r]ule to be adequate and consistently applied," and (2) that "[t]he existence of discretion or exceptions to the imposition of a state procedural rule does not render it inadequate to bar federal review." Docket No. 49 (Respondent's Reply to Petitioner's Opposition to Respondent's Procedural Default Defense ("Reply")) at 2-6.

6

With respect to the respondent's first main argument, the cases cited by respondent in support of this argument are not controlling, and do not sufficiently respond to the doubts about the consistency of California's contemporaneous objection rule that have been proffered by the petitioner in this action. This court is unaware of any federal decision addressing the adequacy of the contemporaneous objection rule in light of the many cases cited by petitioner. In fact, respondent concedes that the "cases cited by respondent do not expressly consider the consistency of California's [contemporaneous objection rule] . . ." Reply at 3.

In *Melendez v. Pliler*, the Ninth Circuit stated that it "held more than twenty years ago that the rule is consistently applied when a party has failed to make *any* objection to the admission of evidence." 288 F.3d at 1125 (emphasis in original). However, the court expressly declined to address the issue of whether the contemporaneous objection rule has been consistently applied in situations like petitioner's. As the *Melendez* court noted: "the parties devote a substantial portion of their briefing on the present appeal to arguing whether California appellate courts consistently apply the contemporaneous objection rule. The particular facts of this case, however, make it unnecessary for us to resolve this question categorically." 288 F.3d at 1125. Moreover, the *Melendez* court held that the "appellate opinion in this case does not support the conclusion that California law applicable to the circumstances presented here is so 'clear, consistently applied, and well-established' as to erect a procedural bar to a federal constitutional claim." *Id*. at 1126.

*Carpenter v. Ayers*, 548 F. Supp. 2d 736 (N.D. Cal. 2008) (Jenkins, J.), cited by respondent in her Reply, is also not controlling. Reply at 3-4. The *Carpenter* court found that the respondent there had met her initial burden under *Bennett* of proving the adequacy of the California contemporaneous rule. 548 F. Supp. 2d at 749. Unlike here, however, the petitioner in *Carpenter* did not present cases demonstrating that the rule was not consistently applied, and therefore the "ultimate burden" to prove the adequacy of the rule never shifted back to the respondent. *Id*. at 748-79. In contrast, the petitioner in this action has met his *Bennett* burden of "asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority

7

demonstrating inconsistent application of the rule," and therefore the ultimate burden of proving the adequacy of the rule shifts to the respondent, which she has not done. 322 F.3d at 586.

*Paulino v. Castro*, 371 F.3d 1083 (9th Cir. 2004), also is not controlling in the action at hand because the petitioner in *Paulino* never argued the inadequacy of the state rule. The *Paulino* court stated that the petitioner in *Paulino* "nowhere argues that California's contemporary-objection rule is unclear, inconsistently applied or not well-established, either as a general matter or as applied to him." 371 F.3d at 1093. Again, the petitioner in this action has made a sufficient factual showing and cited ample authority to put the consistency of California's contemporaneous objection rule in doubt.

With respect to her second main argument that applying discretion in a state procedural rule does not render the rule inadequate to bar federal review, respondent's reliance on *Beard v. Kindler*, 130 S. Ct. 612 (2009), is also not controlling. Respondent relies on *Kindler* for the proposition that the "existence of discretion in a state procedural rule did not render that rule inadequate to bar federal habeas review." Reply at 5. The *Kindler* Court held that "a discretionary state procedural rule *can* serve as an adequate ground to bar federal habeas review." 130 S. Ct. at 618 (emphasis added). However, as the Fourth Circuit explained, the Supreme Court "held only that facially discretionary state rules can be adequate to preclude federal habeas review . . .We do not read *Kindler* to apply to facially mandatory rules that state courts nonetheless apply arbitrarily." *Bostick v. Stevenson*, 589 F.3d 160, 165 n.7 (4th Cir. 2009). Respondent has not asserted that California's contemporaneous objection rule, codified in California Evidence Code section 353, is a facially discretionary state rule, as opposed to a facially mandatory rule. Moreover, respondent has not proven that California's procedural rule, regardless of whether it is a discretionary state procedural rule or a mandatory rule applied discretionarily, is an adequate state procedural bar.

Petitioner has met his *Bennett* burden by showing a large number of cases demonstrating that California's contemporaneous objection rule had been applied inconsistently up to the time of petitioner's trial in 2002. Respondent has not met the ultimate burden under *Bennett* to prove that

8

California's contemporaneous objection rule is so clear, well-established, and consistently applied that it should serve as a procedural defense against petitioner's claims of prosecutorial misconduct.

II.     Independence of California's Contemporaneous Objection Rule

Since respondent has not met the ultimate burden of proving that the contemporaneous objection is consistently applied, this court need not decide whether the rule is applied independently of federal law.

CONCLUSION

Respondent has not met the ultimate burden of proving that California's contemporaneous objection rule is an adequate procedural bar that prevents a federal court from reviewing the merits of a habeas petition based on claims of prosecutorial misconduct. Petitioner shall file his traverse within thirty (30) days of the entry of this order.

In accordance with an earlier order of this court entered on November 24, 2009 at Docket #45 the traverse, which shall address all claims made by petitioner, shall not exceed forty pages and shall comply with Civil Local Rule 3-4.

IT IS SO ORDERED.

Dated: April 5, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

9

**ENDNOTES**

1. "CT" and "RT" refer to the Clerk's and Reporter's Transcript of petitioner's state court trial record. Respondent lodged them, as Exhs. A and B, and the state appellate court opinion, as Exh. C, with this court. All exhibits defined in this order have been lodged with this court by respondent.

2. Although respondent does not identify which claims are affected by application of the rule, examination of the state court decision (Exh. C) shows that the state appellate court applied the rule to bar consideration of two entire sub-claims of misconduct, as well as significant portions of six more sub-claims of misconduct. Exh. C at 7-8, 11-12, 13-14, 15, 16-17, 18, 22.

3. The full text of California Evidence Code section 353 states:

> A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless:
>
> (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion; and
>
> (b) The court which passes upon the effect of the error or errors is of the opinion that the admitted evidence should have been excluded on the ground stated and that the error or errors complained of resulted in a miscarriage of justice.

4. The cases cited by petitioner are summarized in greater detail in Appendix A of the Petitioner's Opposition to Respondent's Procedural Default Defense Based on Application of California's Contemporaneous Objection Rule.